UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MONICA EVERY ET AL.                          CIVIL ACTION


VERSUS                                       NO: 25-1585


AJAX MORTGAGE LOAN TRUST                     SECTION: "H"
2020- C, BY U.S. BANK NATIONAL
ASSOCIATION, ET AL.


ORDER AND REASONS

Before the Court are Defendant Ajax Mortgage Loan Trust 2020-C, By U.S. Bank National Association and Selene Finance LP's Motion to Dismiss (Doc. 40) and Defendant Jackson McPherson's Motion to Dismiss (Doc. 41). For the following reasons, the Motions are **GRANTED**.


BACKGROUND

This matter arises out of a foreclosure proceeding on property located at 168 River Oaks Drive, LaPlace, Louisiana and owned by Plaintiffs Monica Every and Ashlea Banks ("the Property"). In January 2007, Plaintiffs executed a promissory note secured by the Property ("the Note"). At some point, Plaintiffs defaulted on the Note, and Defendant Ajax Mortgage Loan Trust 2020-C, By U.S. Bank National Association ("Ajax"), as bearer of the Note, filed a suit on the Note and to enforce the mortgage in the 40th Judicial District

1

Court for the Parish of St. John the Baptist against Plaintiffs. In October 2023, the state court entered default against Plaintiff Banks after she failed to appear. The court appointed a curator after Plaintiff Every could not be located, and the court entered summary judgment against her in September 2024. In November 2024, the court entered a writ of *fieri facias*, directing the seizure and sale of the Property.

In February 2025, Plaintiff Every filed a Motion for Injunctive Relief seeking to enjoin the sale of the property. The Motion was denied on July 31, 2025. That same day, Plaintiffs filed this action based on the Court's federal question jurisdiction, asserting claims for discrimination under 42 U.S.C. § 1981, breach of contract, breach of duty of good faith and fair dealing, violations of the Truth in Lending Act, violations of the Real Estate Settlement Procedures Act, violations of the Fair Debt Collection Practices Act, fraud, wrongful foreclosure, and punitive damages and attorney's fees. Plaintiffs named as defendants Ajax; Selene Finance LP ("Selene"), the loan servicer; and Jackson McPherson, LLC ("JM"), the law firm that handled the foreclosure proceedings.

In January 2026, Ajax and Selene filed a Motion to Dismiss all of the claims against them. This Court granted the motion orally on the record and allowed Plaintiffs the opportunity to amend their Complaint. Plaintiffs filed a Supplemental Complaint on February 11, 2026. Thereafter, Plaintiffs Ajax and Selene again moved to dismiss all of the claims against them. In addition, JM

separately moved to dismiss the claims against it. The Court held oral argument on the motions to dismiss on April 23, 2026.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Defendants have each moved to dismiss all of Plaintiffs' claims against them. Because jurisdiction in this matter is premised only on federal question, this Court will first consider whether any of Plaintiffs' federal claims survive Defendants' Motions to Dismiss, before turning to Plaintiffs' state law claims.

### A. Section 1981

First, Plaintiffs assert a claim for discrimination under § 1981 against Defendants Ajax and Selene. Section 1981 prohibits racial discrimination in the making and enforcement of contracts. A plaintiff must establish three elements to successfully allege a viable claim under § 1981: "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute."[8] Defendants argue that Plaintiffs have failed to allege any discriminatory intent. This Court agrees.

Plaintiffs' Complaint and Supplemental Complaint allege that they are African American and that Defendants discriminated against them in a number of ways, including refusing to engage in loss mitigation discussions in lieu of foreclosure and having a curator appointed for Plaintiff Every despite her whereabouts being readily ascertainable. Plaintiffs allege that loss mitigation opportunities were offered to "similarly situated borrowers."[9] Plaintiffs do not, however, allege any fact by which this Court could infer that the foreclosure proceeding, the curator appointment, or any other act by Defendants was undertaken against Plaintiffs with discriminatory intent. The

---

[8] Pisharodi v. Valley Baptist Med. Ctr., 393 F. Supp. 2d 561, 575 (S.D. Tex. 2005).
[9] Doc. 34.

4

Court does not agree with Plaintiffs that their allegations that Defendants' treatment of them departed from normal practices support a reasonable inference of discriminatory intent. The Fifth Circuit has advised that in order to allege a claim under § 1981, the plaintiff must allege "specific instances" when he was treated less favorably than a similarly situated non-minority.[10] "Plaintiffs allege no facts to suggest that they would have any personal knowledge regarding how any other borrower was treated, much less a single specific instance where a similarly situated Caucasian borrower received better treatment than they did under the same circumstances."[11] Plaintiffs allegations are generalized and conclusory. Accordingly, Plaintiffs have failed to state a claim under § 1981, and Defendants' Motion to dismiss this claim is granted. Because this Court has already allowed Plaintiffs an opportunity to amend their Complaint, further leave to amend is denied.[12]

## B. Real Estate Settlement Procedures Act ("RESPA")

In their Supplemental Complaint, Plaintiffs allege that they are asserting a claim against Ajax and Selene under 12 C.F.R. § 1024.41 of RESPA for violation of the prohibition against dual tracking. They allege that Defendants continued with foreclosure proceedings despite Plaintiffs' expressed interest in and willingness to engage in loss mitigation. They allege

---

[10] Body by Cook, Inc. v. State Farm Mut. Auto. Ins., 869 F.3d 381, 387 (5th Cir. 2017).

[11] Jones v. Wells Fargo Home Mortg., Inc., No. CV 25-998, 2025 WL 3022228, at *4 (E.D. La. Oct. 29, 2025).

[12] U.S. *ex rel.* Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 386 (5th Cir. 2003) (stating that leave to amend may be denied if there is "repeated failure to cure deficiencies by amendments previously allowed").

that Defendants' conduct interfered with their ability to obtain loss mitigation and deprived them of an opportunity to avoid foreclosure. In their opposition to Defendants' Motion to Dismiss, however, they appear to abandon this theory under RESPA and instead contend that their RESPA claim arises out of Defendants' failure to provide timely written notice of a transfer of servicing.

At the outset, the Court notes that RESPA applies only to "federally related" mortgages, and Plaintiffs' Complaint and Supplemental Complaint do not allege that the mortgage at issue is "federally related." Courts have held that, "based on the statutory language of section 2605(e), plaintiff must allege that his mortgage is federally related in order to have standing under RESPA."[13] Accordingly, Plaintiffs' RESPA claims fail for this deficiency alone.

In addition, Plaintiffs fail to state a claim for violation of the prohibition against dual tracking. "Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options."[14] RESPA prohibits dual tracking and provides for a private right of action. However, the prohibition applies only where "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale."[15] Here, Plaintiffs did not plead that they submitted a complete loss mitigation application more than 37 days before the

---

[13] Washington v. Nationstar Mortg., LLC, No. CV 21-1716, 2022 WL 93617, at *3 (E.D. La. Jan. 10, 2022)

[14] Gresham v. Wells Fargo Bank, N.A., 642 F. App'x 355, 359 (5th Cir. 2016).

[15] *Id.* (quoting 12 C.F.R. § 1024.41(c)).

foreclosure sale. They therefore do not state a claim under the dual tracking prohibition of RESPA.

As for the notice claim that Plaintiffs raise in their opposition, these facts are not presented in either of Plaintiffs' Complaints. It is well settled that a "complaint may not be amended by the briefs in opposition to a motion to dismiss."[16] Even so, Plaintiffs do not provide sufficient facts in their opposition to support a claim under RESPA for failure to timely provide notice. For example, Plaintiffs do not identify which Defendant had a duty to provide notice, when the servicing transfer took place, or how they ultimately learned of the transfer. Accordingly, Plaintiffs have not stated a claim under RESPA, and Defendants' Motion to dismiss this claim is granted. Because this Court has already allowed Plaintiffs an opportunity to amend their Complaint, further leave to amend is denied.[17]

## C. Truth in Lending Act ("TILA")

In Plaintiffs' Original Complaint, they asserted a claim under TILA against all Defendants. This Court granted Defendants' Motion dismissing that claim and allowed Plaintiffs the opportunity to amend it. Plaintiffs did not add any additional support for their TILA claim in their Supplemental Complaint and did not address it in their oppositions to Defendants' Second

---

[16] Roebuck v. Dothan Sec., Inc., 515 F. App'x 275, 280 (5th Cir. 2013).

[17] *U.S. ex rel. Willard*, 336 F.3d at 386.

Motions to Dismiss. Accordingly, this Court finds that Plaintiffs have abandoned their claim under TILA.

### D. Fair Debt Collection Practices Act ("FDCPA")

Plaintiffs assert a claim under the FDCPA against all Defendants, alleging that they used false, deceptive, and misleading tactics in collecting the debt owed under the promissory note. Specifically, Plaintiffs allege that Defendants promised cooperation and amicable resolution while simultaneously continuing toward foreclosure. Defendants allege that Plaintiffs have failed to state a claim under the FDCPA because they have not alleged that Defendants are debt collectors.

Under 15 U.S.C. § 1692a(6), a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." It is well settled that an entity that seeks to collect a debt for its own account is a creditor, not a debt collector, under the FDCPA.[18] Here, Ajax and Selene are the holders of the promissory note at issue and are therefore creditors. One exception to this rule, however, is if a debt is transferred to the entity after it is already in default. Specifically, the term "creditor" does not include an entity that "receives an assignment or transfer

---

[18] James v. Ally Bank, No. 421CV00925SDJCAN, 2023 WL 1093891, at *3 (E.D. Tex. Jan. 3, 2023), *report and recommendation adopted*, No. 4:21-CV-925-SDJ, 2023 WL 1081270 (E.D. Tex. Jan. 27, 2023) ("Courts have repeatedly found that banks and financial institutions attempting to collect their own debts are not debt collectors under the FDCPA."); Fouche' v. Shapiro & Massey L.L.P., 575 F. Supp. 2d 776, 783 (S.D. Miss. 2008)("[C]reditors, mortgagees and mortgage servicing companies are not debt collectors and are statutorily exempt from liability.").

8

of a debt in default solely for the purpose of facilitating collection of such debt for another."[19] Plaintiffs have not made any allegation suggesting this exception applies here and therefore have not plausibly alleged that Ajax and Selene are debt collectors.[20]

As to JM, the law firm that represented Ajax in the foreclosure proceeding, "[a]ttorneys qualify as debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client."[21] Plaintiffs have not made any allegations regarding the "volume or frequency" of JM's debt-collection activities, and this Court therefore cannot conclude that Plaintiffs have plausibly alleged a FDCPA claim against it.[22] Plaintiffs' allegation that "Defendants and/or their agents acted as Debt collectors within the meaning of the FDCPA by attempting to collect a consumer debt arising from Plaintiffs' mortgage loan and by enforcing that debt through foreclosure proceedings" is too general and conclusory to establish that the FDCPA applies to Defendants.[23] Accordingly, Plaintiffs have not alleged a claim under the FDCPA, and Defendants' Motions to dismiss this

---

[19] 15 U.S.C. § 1692a.

[20] Despite Plaintiffs' representation otherwise in their Opposition, there is no allegation in the Complaint or Supplemental Complaint that the loan was ever transferred to Ajax or Selene. Further, the Complaint contains inconsistent allegations regarding whether Plaintiffs were even in default.

[21] Hester v. Graham, Bright & Smith, P.C., 289 F. App'x 35, 41 (5th Cir. 2008).

[22] *Id.*

[23] Doc. 34.

claim are granted. Because this Court has already allowed Plaintiffs an opportunity to amend their Complaint, further leave to amend is denied.[24]

### E. State Law Claims

All claims over which this Court has original jurisdiction have been dismissed. Plaintiffs' claims for breach of contract, breach of the duty of good faith and fair dealing, fraud, and wrongful foreclosure sound in state law and were brought under this Court's supplemental jurisdiction. Under 28 U.S.C. § 1367(c), district courts have discretion to decline to exercise supplemental jurisdiction over state law claims where the court has dismissed all claims over which it had original jurisdiction. Given that this case is in its infancy and no discovery has taken place, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

<u>CONCLUSION</u>

For the foregoing reasons, the Motions are **GRANTED**. Plaintiffs' federal claims against all Defendants are **DISMISSED WITH PREJUDICE**. Plaintiffs' state law claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[24] *U.S. ex rel. Willard*, 336 F.3d at 386.

New Orleans, Louisiana this 23rd day of April, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

11